"A ' habitat' is defined as one's dwelling place or place of residence."

If we conceded that the deceased and his companions were trespassers at the time they were shot, which we do not, let us see what acts they were engaged in performing on the appellant's property. The only damage to appellant's property which could have resulted from their conduct would be the tack holes made in the outside walls, and the appellant knew that is all they intended to do. We do not think this is such an unlawful and violent attack as set forth in Article 1224, V.A.P.C., and clearly the appellant who shot them from ambush and without warning could not avail himself of the defense provided by such article. In Hatfield v. State, 156 Tex.Cr.R. 425, 243 S.W.2d 34, under a comparable situation, we held the refusal to give such a charge not error.

The trial judge is to be commended for the patience which he demonstrated during the course of this trial.

The judgment is affirmed.

**Glenn L. MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 27487.

Court of Criminal Appeals of Texas.

March 16, 1955.

No attorney on appeal for appellant.

Leon Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is the unlawful possession of whiskey, wine, beer and gin for the purpose of sale in a dry area; the punishment, a fine of $300.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.